# EXHIBIT A



COPY

Bruce A. Roth, Esquire
Atty. I.D. # 62462
Richard C. Low, Esquire
Atty. I.D. # 32616
49 North Duke Street
Lancaster, PA  17602

Attorneys for Plaintiffs

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
### CIVIL ACTION

| | |
|---|---|
| RODNEY GORDON and DORETTA GORDON, Husband and Wife <br> 836 West View Drive <br> Manheim, PA 17545 <br><br> Plaintiffs <br><br> vs. <br><br> OTIS ELEVATOR COMPANY <br> c/o CT Corporation System <br> 1515 Market St. <br> Philadelphia, PA 19102 <br> and <br> Unknown Entity (A) <br> responsible for maintaining the safety of the subject elevator located at Penn Medicine Lancaster General Hospital in which Plaintiff Rodney Gordon was injured on December 17, 2021 <br><br> and <br><br> Unknown Entity (B) <br> responsible for inspecting the subject elevator located at Penn Medicine Lancaster General Hospital in which Plaintiff Rodney Gordon was injured on December 17, 2021 <br><br> Defendants | CIVIL ACTION - LAW <br><br> No. 23- **23-08863** <br><br> JURY TRIAL DEMANDED |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

Please issue a writ of summons directed against the above-named Defendants.

MAY HERR & GROSH, LLP

BY: _____
Bruce A. Roth, Esquire
Atty. I.D. # 62462
49 North Duke Street
Lancaster, PA  17602

BY: _____
Richard C. Low, Esquire
Atty. I.D. # 32616
49 North Duke Street
Lancaster, PA  17602

2

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

### WRIT OF SUMMONS – CIVIL ACTION

RODNEY GORDON and DORETTA GORDON,
Husband and Wife
836 West View Drive
Manheim, PA 17545

                  Plaintiffs

   vs.

OTIS ELEVATOR COMPANY
c/o CT Corporation System
1515 Market St.
Philadelphia, PA 19102
            and

Unknown Entity (A)
responsible for maintaining the safety of the
subject elevator located at Penn Medicine
Lancaster General Hospital in which Plaintiff
Rodney Gordon was injured on December 17, 2021

          and

Unknown Entity (B)
responsible for inspecting the subject elevator
located at Penn Medicine Lancaster General
Hospital in which Plaintiff Rodney Gordon was
injured on December 17, 2021

             Defendants

CIVIL ACTION · LAW

No. 23- **23 - 0 8 8 6 3**

JURY TRIAL DEMANDED

TO:

OTIS ELEVATOR COMPANY
c/o CT Corporation System
1515 Market St.
Philadelphia, PA 19102

Unknown Entity (A)
responsible for maintaining
the safety of the
subject elevator located at
Penn Medicine
Lancaster General Hospital in
which Plaintiff Rodney
Gordon was injured on
December 17, 2021

Unknown Entity (B)
responsible for inspecting the subject
elevator located at Penn Medicine
Lancaster General Hospital in which
Plaintiff Rodney Gordon was injured on
December 17, 2021

You are hereby notified that Plaintiffs, Rodney Gordon and Doretta Gordon, have commenced an action against you.

**Andrew Spade, Prothonotary**

Date:

BY:

Bruce A. Roth, Esquire
Atty. I.D. # 62462
Richard C. Low, Esquire
Atty. I.D. # 32616
49 North Duke Street
Lancaster, PA  17602

Bruce A. Roth, Esquire
Atty. I.D. # 62462
Richard C. Low, Esquire
Atty. I.D. # 32616
49 North Duke Street
Lancaster, PA 17602



ENTERED AND FILED

2024 JAN 12 PM 2:00

PROTHONOTARY'S OFFICE
LANCASTER Attorneys for Plaintiffs

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL ACTION

| | |
|---|---|
| RODNEY GORDON and DORETTA GORDON, Husband and Wife<br>836 West View Drive<br>Manheim, PA 17545<br><br>          Plaintiffs<br><br>   vs.<br><br>OTIS ELEVATOR COMPANY<br>c/o CT Corporation System<br>1515 Market St.<br>Philadelphia, PA 19102<br>          and<br>Unknown Entity (A)<br>responsible for maintaining the safety of the subject elevator located at Penn Medicine Lancaster General Hospital in which Plaintiff Rodney Gordon was injured on December 17, 2021<br><br><br>          and<br>Unknown Entity (B)<br>responsible for inspecting the subject elevator located at Penn Medicine Lancaster General Hospital in which Plaintiff Rodney Gordon was injured on December 17, 2021<br><br><br><br>          Defendants | CIVIL ACTION - LAW<br><br>No. CI-23-08863<br><br>JURY TRIAL DEMANDED |

Check # 4332 Vm
$ 9.50  1/12/24.

## PRAECIPE TO REISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Pursuant to Pa.R.C.P. No. 401 (b) (1), please reissue the Writ of Summons in the above captioned matter.

MAY HERR & GROSH, LLP

BY: _____

Bruce A. Roth, Esquire
Atty. I.D. # 62462
49 North Duke Street
Lancaster, PA  17602

2

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

Bruce A. Roth, Esquire
Atty. I.D. # 62462
Richard C. Low, Esquire
Atty. I.D. # 32616
49 North Duke Street
Lancaster, PA  17602                                    Attorneys for Plaintiffs

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL ACTION

| | |
|---|---|
| RODNEY GORDON and DORRETTA GORDON, Husband and Wife | CIVIL ACTION - LAW |
| Plaintiffs | No. CI-23-08863 |
| vs. | JURY TRIAL DEMANDED |
| OTIS ELEVATOR COMPANY, et al. | |
| Defendants | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

   YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lancaster Bar Association
Lawyer Referral Service
28 East Orange Street
Lancaster, PA 17602
Telephone: 717-393-0737

MAY HERR & GROSH, LLP

BY: /s/ Bruce A. Roth
_____
Bruce A. Roth, Esquire

BY: /s/ Richard C. Low
_____
Richard C. Low, Esquire

2

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

Bruce A. Roth, Esquire
Atty. I.D. # 62462
bar@mhglawfirm.com
Richard C. Low, Esquire
Atty. I.D. # 32616
rcl@mhglawfirm.com
49 North Duke Street
Lancaster, PA  17602
(717) 397-5500                                        Attorneys for Plaintiffs

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CIVIL ACTION**

| | |
|---|---|
| RODNEY GORDON and DORRETTA GORDON, Husband and Wife<br><br>    Plaintiffs<br> vs.<br><br>OTIS ELEVATOR COMPANY, et al.<br><br>    Defendants | CIVIL ACTION - LAW<br><br>No. CI-23-08863<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

1.  Plaintiffs Rodney Gordon and Dorretta Gordon, husband and wife, are adult individuals, who currently reside at 7456 Saint Patrick Court, Abbottstown, PA, 17031.

2.  Defendant Otis Elevator Company is a business corporation duly registered and incorporated within the Commonwealth of Pennsylvania which regularly

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

conducts business in Lancaster County and which has a principal place of business in Farmington, Connecticut.

3. On or about December 17, 2021, Rodney Gordon was employed by Lancaster General Hospital (hereinafter LGH), 555 North Duke Street, Lancaster, PA as a Patient Care Equipment Service Resource Team Leader.

4. On or about December 17, 2021, Rodney Gordon was acting within the course and scope of his employment when he entered Elevator #50 on the third floor of LGH with the intent to take the elevator to the basement level.

5. Once in the subject elevator, Mr. Gordon heard a loud "pop" sound, followed by the elevator quickly plunging downward.

6. The subject elevator then came to an abrupt stop, and, then thrust upward in a bouncing motion and came to an abrupt stop, violently jarring Mr. Gordon and jamming his left side into the elevator wall, thereby causing severe and permanent injuries.

7. The subject elevator was trapped between the basement level and first floor when it came to an abrupt stop and Mr. Gordon was trapped in the elevator for approximately 30 – 45 minutes in the elevator.

8. Defendant, Otis Elevator Company, was in the business of researching, developing, designing, engineering, constructing, fabricating, manufacturing, compounding, inspecting, testing, reworking, labeling, distributing, merchandizing,

4

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

advertising or promoting, installing and selling the elevator involved in this incident.

9.   As a direct and proximate result of the acts or omissions on the part of Defendant set forth fully below, Plaintiff has suffered multiple severe injuries, one of which necessitated extensive surgical repair and recovery.

10.  As a direct and proximate result of the aforesaid occurrence, Plaintiff Mr. Gordon has been unable to attend to his usual daily occupations, activities and duties and he has been caused to undergo great pain, mental suffering, anguish and humiliation, all of which continue in the future to Plaintiff's detriment and loss.

11. As a direct and proximate result of the aforesaid occurrence, LGH Workers Compensation insurance carrier has asserted a lien in the amount of $85,100.73 for treatment of incident related injuries and payment of a portion of lost wages.

12. As a direct and proximate result of the aforesaid occurrence, Plaintiffs have incurred additional lost wages in the amount of $24,818.44.

## COUNT I- NEGLIGENCE

13.  Paragraphs 1 through 12 are incorporated by reference herein as if fully set forth in length.

14.  Defendant had the duty to use due care of an expert in all aspects of their research and development, design, engineering, manufacture, inspection, testing,

5

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

reworking, labeling, advertising, promotion, distribution, installation and sale of the elevator to insure the safety of the elevator.

15. Any danger or defect in the elevator could not reasonably be discovered by the Plaintiff who lacks, and is denied access to, the specialized knowledge and expertise possessed by the Defendant.

16. At all times pertinent hereto, Defendant knew, or in the exercise of reasonable are should have known, that the elevator was a product that, if not properly researched, developed, designed, engineered, constructed, fabricated, manufactured, compounded, inspected, tested, reworked, labeled, promoted, distributed and sold, would likely result in injury to the individual who attempted to utilize this product.

17. Defendant breached its duty to use the due care of an expert and the duty to use reasonable care, in that Defendant negligently and carelessly researched and developed designed, engineered, constructed, fabricated, manufactured, compounded, inspected or failed to inspect, tested or failed to test, reworked, labeled, distributed, merchandized, advertised, promoted and sold the elevator in such a manner that it was likely to result in injury to a person who attempted to use this product.

18. The injuries sustained by the Plaintiff herein were caused by the negligence, carelessness and/or recklessness of the Defendant and were due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

6

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

19. The negligence, carelessness and/or recklessness of the Defendant herein consisted of the following:

    a)  Failure to properly design the elevator so that it was safe for intended use;

    b)  Failure to properly manufacture the elevator so that it was safe for intended use;

    c)  Failure to make reasonable inspection for the elevator to discover defects;

    d)  Failure to warn Plaintiff of the defects when Defendant knew or should have known of the defects and that they constituted a danger;

    e)  Failure to take other precautions that were required for the safety of the Plaintiff;

    f)  Failure to use proper skill, diligences and care under the circumstances;

    g)  Failure to exercise due care and due regard for the rights, safety, and position of employment of the Plaintiff herein;

    h)  Violations of local, state, and federal regulations ordinances and statutes respecting design and manufacture of the product involved herein;

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

i)   Failure to adhere to established industry standards for design and

manufacture of the within product;

j)   Failure to install and maintain the elevator in proper working order to

prevent the injuries such as what befell Plaintiff herein;

k)   Negligence as a matter of law.

WHEREFORE, Plaintiff Rodney Gordon demands judgment against

Defendant Otis Elevator Company in an amount in excess of $50,000.00, together

with costs as allowed by law.

## <u>COUNT II- NEGLIGENCE</u>

20.  Paragraphs 1 through 19 are incorporated by reference herein as if fully set

forth at length.

21.  It is believed and therefore alleged that Defendant is engaged in the

business of elevator installation, maintenance, service and repair.

22. At all relevant times to this action, Defendant was engaged by the owner of

LGH to install, keep, service and maintain in good repair the automatic elevator

described hereinabove which is the subject of this lawsuit.

23. Defendant had a duty to the users of the elevator to keep, service, and

maintain the elevator in good repair for the safety of the users of the elevator.

24. The repairs, maintenance or adjustments performed by Defendant were

carelessly, negligently and improperly made in that such repairs caused or

8

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

permitted the elevator to drop approximately 3 floors unexpectedly and violently. The elevator therefore constituted a danger and menace to the life and limb of persons lawfully using the elevator, all of which the Defendant, its agents, servants, and/or employees knew, or in the exercise of reasonable care, should have known.

25. By reason of the negligent and improper installation, repairs, maintenance and adjustments made by Defendant, its agents, servants, and/or employees, the elevator failed to function properly.

26. At all times, Plaintiff maintained a proper lookout and exercised reasonable care for his own safety.

27. As a direct and proximate result of the Defendant's negligence, as alleged, Plaintiff sustained serious injuries and damages set forth hereinabove.

WHEREFORE, Plaintiff Rodney Gordon demands judgment against Defendant Otis Elevator Company in an amount in excess of $50,000.00, together with costs as allowed by law.

## COUNT III – PRODUCTS LIABILITY

28. Paragraphs 1 through 27 are incorporated by reference herein as if fully set forth at length.

29. Defendant researched, developed, designed, engineered, constructed, fabricated, manufactured, compounded, inspected, tested, reworked, labeled, distributed, merchandised, advertised, promoted and sold the subject elevator

9

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

which was intended by Defendant to be used for all purposes for which such items are commonly or foreseeably used.

30. Defendant knew or reasonably should have known that the subject elevator was to be purchased and used without prior inspection for defects by the Plaintiff who intended to use the subject elevator in the same condition as when it left the Defendant's custody.

31. The subject elevator was unsafe for its intended use by reason of defects in its research and development, design, engineering, construction, fabrication, manufacture, compounding, inspection, testing and reworking and labeling such that the subject elevator plummeted several floors without stopping, came to an abrupt stop, bounced upward, and then became stuck between two floors when said elevator was used in the manner for which it was intended and such defect existed at the time it left Defendant's control.

32. Defendant failed to provide any notice or warning of the possibility of such an occurrence as described above herein.

33. As a direct and proximate result of the defective nature of the subject elevator as set forth herein, Defendant is strictly liable in tort for the injuries and damages sustained by the Plaintiff as set forth herein.

WHEREFORE, Plaintiff Rodney Gordon demands judgment against Defendant Otis Elevator Company in an amount in excess of $50,000.00, together with costs as allowed by law.

10

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

## COUNT IV- LOSS OF CONSORTIUM
## DORRETTA GORDON V. OTIS ELEVATOR COMPANY

34. Paragraphs 1 through 33 are incorporated by reference herein as if fully set forth at length.

35. As the result of the substantial pain, suffering and physical, mental, and emotional distress which Plaintiff Rodney Gordon has suffered and continues to suffer due to Defendant's tortious acts and/or omissions, Plaintiff Dorretta Gordon has suffered a loss of society, services, aid, comfort, assistance, and physical expression of conjugal affection formerly rendered to her by her husband.

WHEREFORE, Plaintiff Dorretta Gordon demands judgment against Otis Elevator Company for damages for the loss of society and services of her spouse, Rodney Gordon, and anguish, past, present and future in an amount in excess of $50,000.00, which amount exceeds the jurisdictional amount required for arbitration.

MAY HERR & GROSH, LLP

BY: /s/ Bruce A. Roth
_____
Bruce A. Roth, Esquire

BY: /s/ Richard C. Low
_____
Richard C. Low, Esquire

11

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

## VERIFICATION

I, Dorretta Gordon, verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I further verify that I lack sufficient knowledge of the law which governs the instant case; that I made diligent inquiry of my counsel and other records and that, upon the information received, believe the legal assertions set forth herein to be true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

DORRETTA GORDON

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

## VERIFICATION

I, Rodney Gordon, verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I further verify that I lack sufficient knowledge of the law which governs the instant case; that I made diligent inquiry of my counsel and other records and that, upon the information received, believe the legal assertions set forth herein to be true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

RODNEY GORDON

Lancaster County Prothonotary E-Filed - 25 Jun 2024 02:14:27 PM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this 25th day of June, 2024, served the foregoing Complaint upon the persons and in the manner indicated below.

Electronic Mail to:

Joseph Manno, Esquire
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Joseph.Manno@tuckerellis.com
*Attorney for Defendant Otis Elevator Company*

MAY HERR & GROSH LLP

By:  /s/ Bruce A. Roth
_____
Bruce A. Roth, Esquire
Atty I.D. #62462
Attorneys for Plaintiff
49 North Duke Street
Lancaster, PA 17602
(717) 397-5500

Lancaster County Prothonotary E-Filed - 16 Jul 2024 08:49:09 AM
Case Number: CI-23-08863

Thomas W. Baker
Joseph A. Manno
Tayler L. Gill
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
thomas.baker@tuckerellis.com
joseph.manno@tuckerellis.com
tayler.gill@tuckerellis.com

Attorneys for Defendant Otis Elevator
Company

| | | |
|---|---|---|
| RODNEY GORDON, et al. | ) | IN THE COURT OF COMMON PLEAS |
| | ) | LANCASTER COUNTY, PENNSYLVANIA |
| Plaintiffs, | ) | |
| v. | ) | NO. ci-23-08863 |
| | ) | |
| OTIS ELEVATOR COMPANY | ) | CIVIL ACTION –LAW |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

### DEFENDANT OTIS ELEVATOR COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Otis Elevator Company, for its answer to Plaintiffs' Complaint, states as follows:

1.    Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies them.

2.    Otis admits that it is a foreign corporation with its principal place of business in Farmington, Connecticut. Otis further admits it is authorized to conduct business in Lancaster County, Pennsylvania. Otis denies the remaining allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

3.    Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Complaint and, therefore, denies them.

4.    Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set

1

6510540.1

Lancaster County Prothonotary E-Filed - 16 Jul 2024 08:49:09 AM
Case Number: CI-23-08863

forth in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies them.

5.      Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies them.

6.      Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies them.

7.      Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Complaint and, therefore, denies them.

8.      Otis admits that it is in the business of manufacturing, distributing, selling, servicing, and repairing elevators. Otis further admits that it performed certain contractually-specified maintenance services on certain contractually-specified elevators owned by Lancaster Parking Authority, including Machine No. 634150. Otis denies the remaining allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

9.      Otis denies the allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

10.     Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies them.

11.     Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies them.

12.     Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies them.

## COUNT I—NEGLIGENCE

13.     Otis repeats and restates its foregoing responses to Paragraphs 1 through 12 of Plaintiffs' Complaint, as if fully set forth herein.

14.     Otis denies the allegations set forth in Paragraph 14 of Plaintiffs' Complaint.

6510540.1

Lancaster County Prothonotary E-Filed - 16 Jul 2024 08:49:09 AM
Case Number: CI-23-08863

15.    Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies them.

16.    Otis denies the allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17.    Otis denies the allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18.    Otis denies the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19.    Otis denies the allegations set forth in Paragraph 19, including subparts (a) through (k), of Plaintiffs' Complaint. Otis denies the "WHEREFORE" paragraph set forth below Paragraph 19 of Plaintiffs' Complaint.

## COUNT II—NEGLIGENCE

20.    Otis repeats and restates its foregoing responses to Paragraphs 1 through 19 of Plaintiffs' Complaint, as if fully set forth herein.

21.    Otis admits the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22.    Otis admits only that it performed certain contractually-specified services on certain contractually-specified elevators owned by Lancaster Parking Authority, including Machine No. 634150. Otis denies the remaining allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

23.    Otis denies the allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24.    Otis denies the allegations set forth in Paragraph 24 of Plaintiffs' Complaint.

25.    Otis denies the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26.    Otis lacks knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and, therefore, denies them.

27.    Otis denies the allegations set forth in Paragraph 27 of Plaintiffs' Complaint. Otis denies the "WHEREFORE" paragraph set forth below Paragraph 27 of Plaintiffs' Complaint.

6510540.1

Lancaster County Prothonotary E-Filed - 16 Jul 2024 08:49:09 AM
Case Number: CI-23-08863

## COUNT III—PRODUCTS LIABILITY

28.    Otis repeats and restates its foregoing responses to Paragraphs 1 through 27 of Plaintiffs' Complaint, as if fully set forth herein.

29.    Otis admits only that it performed certain contractually-specified services on certain contractually-specified elevators owned by Lancaster Parking Authority, including Machine No. 634150. Otis denies the remaining allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30.    Otis denies the allegations set forth in Paragraph 30 of Plaintiffs' Complaint.

31.    Otis denies the allegations set forth in Paragraph 31 of Plaintiffs' Complaint.

32.    Otis denies the allegations set forth in Paragraph 32 of Plaintiffs' Complaint.

33.    Otis denies the allegations set forth in Paragraph 33 of Plaintiffs' Complaint. Otis denies the "WHEREFORE" paragraph set forth below Paragraph 33 of Plaintiffs' Complaint.

## COUNT IV—LOSS OF CONSORTIUM
## DORRETTA GORDON V. OTIS ELEVATOR COMPANY

34.    Otis repeats and restates its foregoing responses to Paragraphs 1 through 33 of Plaintiffs' Complaint, as if fully set forth herein.

35.    Otis denies the allegations set forth in Paragraph 35 of Plaintiffs' Complaint. Otis denies the "WHEREFORE" paragraph set forth below Paragraph 35 of Plaintiffs' Complaint.

## NEW MATTER

1.    Paragraphs 1 through 35 of Otis's Answer are incorporated by reference, as if fully set forth herein.

2.    Plaintiffs' Complaint is subject to dismissal for failure to set forth facts and evidence in support of her demand for relief.

4

6510540.1

Lancaster County Prothonotary E-Filed - 16 Jul 2024 08:49:09 AM
Case Number: CI-23-08863

3. Plaintiffs' Complaint is subject to dismissal for failure to plead a cause of action upon which relief would be granted under Pennsylvania law.

4. Plaintiffs failed to set forth any facts in support of the allegation that Otis was "negligent" or otherwise liable to Plaintiffs, on the basis of any averments of fact and on the basis of any cognizable theory of Pennsylvania law.

5. Plaintiffs' cause of action is barred by application of the Comparative Negligence Doctrine.

6. Plaintiffs' cause of action is subject to dismissal by application of the Doctrine of Assumption of Risk.

7. The facts and circumstances of the accident alleged by Plaintiffs in their Complaint, if true, were the result of circumstances, including actions and inactions of persons over whom Otis had no control or right of control.

8. The medical problems Plaintiffs experienced were not the proximate result of any conduct, actions, or inactions of Otis. Therefore, Plaintiffs are not entitled to relief in a court of law.

10. Plaintiffs' action is barred by the statute of limitations.

11. Plaintiffs' action is barred by the construction statute of repose.

12. Plaintiffs' claim for damages is subject to dismissal or subject to substantial reduction, for Plaintiffs' failure to mitigate their damages.

13. No omission or conduct on the part of Otis contributed to Plaintiffs' injuries or damages, if any.

15. The damages complained of by Plaintiffs pre-existed or are unrelated to the accident that is the subject matter of the Complaint.

6510540.1

Lancaster County Prothonotary E-Filed - 16 Jul 2024 08:49:09 AM
Case Number: CI-23-08863

16.    Otis states that, at all relevant times, it complied with its duties and obligations, if any, to all parties as defined and limited by the terms of its maintenance contract.

17.    Plaintiffs' claims may be barred, in whole or in part, by their failure to join necessary or indispensable parties.

18.    Otis expressly reserves the right to assert any and all defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery, and to modify or withdraw defenses asserted herein as necessary.

WHEREFORE, Defendant Otis Elevator Company demands judgment in its favor and against all other parties together with costs and such further relief as the Court shall deem appropriate.

Respectfully submitted,

/s/ Tayler L. Gill
Thomas W. Baker (320258)
Joseph A. Manno (328518)
Tayler L. Gill (333623)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Email:  thomas.baker@tuckerellis.com
Email:  joseph.manno@tuckerellis.com
Email:  tayler.gill@tuckerellis.com

*Attorneys for Defendant Otis Elevator Company*

6

Lancaster County Prothonotary E-Filed - 16 Jul 2024 08:49:09 AM
Case Number: CI-23-08863

## JURY DEMAND

Defendant Otis Elevator Company demands a trial by jury, made up of the maximum allowable number of jurors, and for all facts and issues in this action.

Respectfully submitted,

/s/ Tayler L. Gill
Thomas W. Baker (320258)
Joseph A. Manno (328518)
Tayler L. Gill (333623)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Email: thomas.baker@tuckerellis.com
Email: joseph.manno@tuckerellis.com
Email: tayler.gill@tuckerellis.com

*Attorneys for Defendant Otis Elevator Company*

6510540.1

Lancaster County Prothonotary E-Filed - 16 Jul 2024 08:49:09 AM
Case Number: CI-23-08863

| | |
|---|---|
| RODNEY GORDON, et al. | ) IN THE COURT OF COMMON PLEAS |
| | ) LANCASTER COUNTY, PENNSYLVANIA |
| Plaintiffs, | ) |
| v. | ) NO. ci-23-08863 |
| | ) |
| OTIS ELEVATOR COMPANY | ) CIVIL ACTION –LAW |
| | ) |
| Defendant. | ) |

## VERIFICATION

I, Brent Sollenberger, an authorized representative of Defendant Otis Elevator Company, have read the foregoing Answer and New Matter and do hereby state and verify that the statements therein are correct to the best of my personal knowledge and upon information and belief. This statement is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities which provides that if I make knowingly false statements, I may be subject to criminal penalties. This statement is also given pursuant to the provisions for verification of pleadings in Rule 1024 of the Pennsylvania Rules of Civil Procedure.

DATED:  7/15/24

_____
BRENT SOLLENBERGER

6510540.1

Lancaster County Prothonotary E-Filed - 16 Jul 2024 08:49:09 AM
Case Number: CI-23-08863

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, a copy of the foregoing was sent to all counsel of record via electronic mail.

Respectfully submitted,

*/s/ Tayler L. Gill*
Thomas W. Baker (320258)
Joseph A. Manno (328518)
Tayler L. Gill (333623)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Email:  thomas.baker@tuckerellis.com
Email:  joseph.manno@tuckerellis.com
Email:  tayler.gill@tuckerellis.com

*Attorneys for Defendant Otis Elevator Company*

6510540.1